# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2073
Lower Tribunal Nos. F93-18139C & F93-18141C

_____

**Tramain Smith,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Joseph Perkins, Judge.

Tramain Smith, in proper person.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before SCALES, HENDON and GORDO, JJ.

SCALES, J.

Appellant Tramain Smith appeals a June 17, 2022 order denying his motion seeking rehearing of the trial court's September 19, 2019 order that denied Smith's Florida Rule of Criminal Procedure 3.800 postconviction motion to correct what Smith alleged was an illegal sentence. We affirm.

On May 24, 1993, Smith and two co-defendants, including John Hazelton, committed a series of crimes for which they were charged, in two separate cases, with multiple counts of armed burglary, armed kidnapping, armed robbery, armed sexual battery with a deadly weapon, as well as one count of attempted murder. Smith was fifteen years old at the time of these crimes.

On January 7, 1994, Smith entered a plea of no contest to all counts in both cases. Smith was sentenced to a total of forty years in prison, with the sentences imposed on all counts running concurrently. On July 27, 2018, Smith filed his postconviction motion to correct what Smith alleged was an illegal sentence. Smith asserted that, because Smith was a juvenile at the time the crimes were committed, his forty-year sentence violated the United States Constitution's Eighth Amendment prohibition against cruel and unusual punishment.   Smith's motion cited among other cases, Graham v. Florida, 560 U.S. 48 (2010) and Johnson v. State, 215 So. 3d 1237 (Fla.

2

2017). The so-called Graham/Miller[1] line of United States Supreme Court cases held that sentencing a juvenile to life in prison without the possibility of parole, for either a homicide or a non-homicide crime, constituted cruel and unusual punishment. Miller, 567 U.S. at 465; Graham, 560 U.S. at 82. The Florida Supreme Court expanded this Graham/Miller principle, concluding that any lengthy prison term imposed on a juvenile that did not include a mechanism to review the defendant's rehabilitation and maturity constituted a *de facto* life sentence, thus implicating Graham/Miller. See, e.g., Johnson, 215 So. 3d at 1243; Henry v. State, 175 So. 3d 675, 679-80 (Fla. 2015) (holding that a ninety-year sentence that does not afford a meaningful opportunity for release from prison is the functional equivalent of a life sentence and is unconstitutional under Graham).

In both his postconviction motion, and his motion for rehearing, Smith, relying on Johnson and Henry, asserts that his forty-year sentence is unconstitutional because it provides no mechanism for review of Smith's rehabilitation. Smith, though, fails to acknowledge that, in 2020, the Florida Supreme Court receded from the Johnson and Henry line of cases in Pedroza v. State, 291 So. 3d 541 (Fla. 2020). Pedroza held that, to implicate

---

[1] See Miller v. Alabama, 567 U.S. 460 (2012).

Graham/Miller, the juvenile must be sentenced to life in prison or to the functional equivalent of life in prison. Id. at 549. Smith's forty-year sentence does not reach the level of punishment necessary to implicate Graham/Miller's constitutional protection. Thus, the trial court did not err by denying Smith relief on this ground.

Below and on appeal, Smith has raised another issue. Smith's co-defendant, Hazelton, after receiving a forty-year sentence, was resentenced to a reduced term in prison. Smith argues that he, too, is entitled to a resentencing because he is "similarly situated" to Hazelton. This Court, though, has already considered and rejected this argument which Smith raised in an earlier petition for a writ of habeas corpus. Smith v. State, 325 So. 3d 19 (Fla. 3d DCA 2021). Accordingly, our rejection of Smith's "similarly situated" argument pertaining to Hazelton's sentence is the law of the case. See Duckworth v. State, 305 So. 3d 732, 733 (Fla. 3d DCA 2020). The trial court, therefore, correctly denied Smith relief on this ground as well.

Affirmed.